THE VILLAGE OF ELMIRA HEIGHTS, Plaintiff, *v.* ERIE RAILROAD COMPANY, Defendant.

Supreme Court, Chemung County, August 11, 1925.

Villages — ordinances — action to recover penalty for failure of defendant to comply with plaintiff's ordinance requiring installation of gates at railroad crossing — Public Service Commission, prior to adoption of said ordinance, denied application for installation of gates at said crossing — village without power to nullify order of Public Service Commission — defendant's answer alleging lack of authority in village to nullify order of Public Service Commission sufficient — village may apply to Public Service Commission for modification of its order.

An order of the Public Service Commission, denying the application of certain individuals, residents of plaintiff village, to require the defendant to install gates at a railroad crossing in said village, may not be nullified by a subsequent enactment of an ordinance by said village requiring the defendant railroad company to install gates at the same crossing, and providing for the imposition of a penalty for failure to comply with said ordinance.

Accordingly, plaintiff is not entitled to judgment on the pleadings, in action to recover a penalty for failure of defendant to comply with the village ordinance, on the ground that the defense in defendant's answer, alleging lack of authority in said village to nullify the aforesaid order of the Public Service Commission, is insufficient in law, since the village is without authority to control or interfere with the jurisdictional exercise of the Public Service Commission pursuant to the authority vested by the Legislature.

Plaintiff's remedy is to apply to the Public Service Commission for a modification of its order in connection with the installation of gates at the particular crossing.

MOTION by plaintiff for judgment on the pleadings in action to recover a penalty for failure to comply with the provisions of a village ordinance requiring the installation of gates at a railroad crossing.

*McDowell & McDowell,* for the plaintiff.

*Stanchfield, Collin, Lovell & Sayles,* for the defendant.

Rhodes, J.:

Plaintiff moves for judgment on the pleadings after issue joined by the service of defendant's answer herein, on the ground that the defense consisting of new matter is insufficient in law.    The action is brought to recover a penalty by reason of the failure of the defendant to comply with an ordinance adopted by the plaintiff requiring the defendant to install gates where defendant's tracks cross the highway in said village at a place known as Suffern's crossing. The defendant contends that plaintiff had no authority to adopt and enforce such ordinance for two reasons, *first,* that the Public Service Commission has exclusive authority relative to the matter; and, *second,* that the Public Service Commission prior to the adoption of said ordinance and on the 13th day of December, 1923, made an order denying the application of certain individuals to require the installation of gates, and that having issued said order, the village is without authority to control or interfere with the jurisdiction thus exercised.

The defendant's contention as to its first ground of objection, is that section 53 of the Railroad Law (as amd. by Laws of 1915, chap. 559),* which gives to the Public Service Commission authority to order the installation of gates, is a later enactment than subdivision 10 of section 90 of the Village Law, which gives to villages the right to enact ordinances to require railroad companies to erect gates at crossings; that, therefore, the two enactments being inconsistent and repugnant, the Railroad Law, by implication, repeals the said provisions of the Village Law.

The question raised by the defendant's second objection, is sufficient answer to the plaintiff's complaint.

The principle enunciated in the case of *City of Troy* v. *United Traction Company* (202 N. Y. 333) seems to be controlling here. In that case the mayor of the city individually and as mayor, petitioned the Public Service Commission for an order to require a street railway company to comply with the terms of an ordinance providing for the frequency with which street cars should be run. After the traction company, defendant therein, had appeared and a hearing had been had, the Public Service Commission granted an order as to the frequency of the operation of cars, which order did not conform to the requirements of said ordinance.    Thereupon the common council of the city of Troy adopted another ordinance requiring that street cars be run at intervals different from the requirements of the order of the Public Service Commission.    The traction company did not obey the latter ordinances and an action

---

* Since amd. by Laws of 1924, chap. 395.— [Rep.

was then commenced in behalf of the city against the company to recover the penalty provided by the ordinance. It was held that the city could not recover. The court said: " The right, if any, now existing in the city of Troy to enact ordinances relating to the running of cars in that city is subject to the qualification expressly provided in its charter that the same shall not be inconsistent with law. An ordinance inconsistent with an order duly made by the Public Service Commission would be, and is, inconsistent with law. The ordinance of November 5, 1908, was wholly inconsistent with the order of the public service commission and in defiance and apparent nullification· of the same." The court had previously stated, in the same opinion; " A construction of the Public Service Commissions Law that would permit any municipality to disregard and set at naught the orders of the public service commission in cases like the one before us would not only cause confusion of authority but would make of no effect some of the work of the commission for the doing of which it was established."

The same reasoning is applicable here. Unquestionably the Public Service Commission had authority to make an order denying the request that the defendant in the case at bar install gates at the crossing named. Having made such an order pursuant to the authority vested in it by the Legislature, the village authorities have no power to abrogate or nullify such order. The Legislature has vested no such power in the village or its officials.

If the views herein expressed are correct, then it is not necessary to determine whether or not the said provision of the Village Law has been so far repealed by implication as to take away the power of a village to enact an ordinance requiring the placing of gates in a case where the Public Service Commission has made no order relative to the matter; therefore, any expression of opinion on that subject would be obiter.

It may be observed that in this case the result arrived at does not deprive the village of a remedy. It still has the right to apply to the Public Service Commission for a modification of its order relative to gates at the particular crossing.

The defendant should, therefore, have judgment dismissing the complaint, with costs.